**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT REEDOM,

      Plaintiff - Appellant,

v.

SABRA A. CRAPPELL; STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendants - Appellees.

No. 14-8070
(D.C. No. 2:14-CV-00182-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

On September 8, 2014, Plaintiff-Appellant Robert Reedom filed a pro se

complaint in Wyoming federal district court against Sabra A. Crappell and State

Farm Mutual Automobile Insurance Company. Mr. Reedom sought damages in

the amount of $20 million related to "personal harm and injury causing back and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

spinal injury." 1 R. 3. This appears to be one of at least eight virtually identical complaints Mr. Reedom has filed in various districts throughout the country. Id. at 16–17. Apparently, Mr. Reedom's brother also has attempted to file on his behalf seeking redress. Reedom v. Crappell, 493 F. App'x 113 (D.C. Cir. 2012).

On September 26, 2014, the district court dismissed Mr. Reedom's complaint for lack of subject matter jurisdiction. Reedom v. Crappell, No. 14-CV-00182-J (D. Wyo. Sept. 26, 2014). The court found that Mr. Reedom failed to allege any basis for subject matter jurisdiction, and, furthermore, he provided no factual basis for hearing his case in the District of Wyoming. The court noted that both Mr. Reedom and the first named defendant appear to reside in Louisiana, suggesting that a state court in Louisiana might be a more appropriate location for the vindication of Mr. Reedom's personal injury claims. Mr. Reedom now appeals from the dismissal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

We review issues of subject matter jurisdiction de novo. United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). Mr. Reedom must allege facts in his complaint sufficient to show that the district court had subject matter jurisdiction, such as federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332; Reedom v. Crappell, No. 13–00482 LEK–KSC, 2013 WL 6572586, at *3 (D. Haw. Dec. 13, 2013) (dismissing similar complaint for lack of subject matter jurisdiction). Though we

construe pro se pleadings liberally, pro se litigants must follow the same rules of procedure that govern other litigants. <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Reedom has failed to allege facts that would support a finding of subject matter jurisdiction.

Mr. Reedom also argues that Defendants' unlawful actions were racially motivated and that the district court had improper personal contact with one or more of the Defendants. We decline to address these allegations because Mr. Reedom offers neither a factual basis nor legal analysis in support. Because Mr. Reedom has not made reasoned, non-frivolous arguments in support of his appeal, his motion for leave to proceed on appeal without prepayment of costs or fees (IFP) should be denied.

AFFIRMED. Mr. Reedom's motion to proceed IFP on appeal is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge